REDMANN, Chief Judge.
Plaintiff moves dismissal of defendants’ appeal (now lodged in this court) because defendants instructed the court reporter to delay transcribing the testimony because settlement was being negotiated. Plaintiff argues that was a “de facto abandonment of the appeal.”
La.C.C.P. 2162 provides: “An appeal can be dismissed ... if, under the rules of the appellate court, the appeal has been abandoned.” Plaintiff does not cite any court rule under which the appeal has been abandoned, and we find none. (Rule 2-8.6 is inapplicable.)
A litigant’s right to proceed to finality of judgment could be disserved by a court reporter’s acquiescence in an appellant’s unilateral instruction to delay transcribing the testimony. That is not shown to have happened here, however.
Appellants timely paid the estimated costs on March 15, 1984, and (apparently referring to that date) “a few days thereafter” asked the reporter to delay, but by April 9 instructed her to proceed. Thus appellants’ request delayed the transcript no more than three weeks, and then only if the court reporter were otherwise ready to work on the transcript. Apparently the court reporter was not. After April 9, she obtained a total of five thirty day extensions, until September 13, 1984, because she was so busy with other appeals that she could not find time to do this transcript.
*1044 We therefore conclude that appellants’ request for delay (to save transcript costs) during a three-week period pending settlement negotiations did not in fact delay this transcript. We therefore need not decide, in this case, whether the remedy for an appellant’s unilaterally causing the court reporter to delay the transcript is dismissal by the appeal after the record is lodged in the court of appeal.
Motion denied.